# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

In the Matter of the Search of  )
*(Briefly describe the property to be searched*  )
*or identify the person by name and address)*  )  Case No. MJ-24-435-AMG
TYLIN RAYSHAWN CHILDERS  )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

Tylin Rayshawn Childers, black male, DOB XX-XX-1993, USMS #: 05078-511

located in the ____Western____ District of ____Oklahoma____, there is now concealed *(identify the person or describe the property to be seized):*

Saliva, for purpose of conducting DNA testing.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a firearm |

The application is based on these facts:
See attached Affidavit of Special Agent Bryce Loesing, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), which is incorporated by reference herein.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Christopher Grimes, Task Force Officer, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/15/2024

_____
*Judge's signature*

City and state: Oklahoma City, Oklahoma

Amanda Maxfield Green, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE PERSON OF TYLIN RAYSHAWN CHILDERS TO SEIZE A SAMPLE OF DEOXYRIBONUCLEIC ACID (DNA) | Case No. M-24-    -AMG |

## AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT

I, Christopher Grimes, with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Oklahoma City, being duly sworn, depose and state under oath as follows:

1. I am an investigative or law enforcement officer of the United States and am empowered by law to conduct investigations of and to make arrests for offenses set forth in United States Code, Titles 18 and 21.

2. I, Detective Chris Grimes, has been employed as an Oklahoma City Police Officer since January 2008. Currently, I am assigned to the Alcohol, Tobacco, Firearms, and Explosives Bureau (ATF), as a Task Force officer (TFO), through the Oklahoma City Police Department. I conduct and assist in investigations involving criminal activity such as assaults, assaults with deadly or dangerous weapons, weapons offenses, drug offenses and homicides. I have received formal training and instruction in a myriad of different fields. I previously worked in the Santa Fe patrol division, then the OKCPD Gang

Enforcement Unit prior to becoming a Detective.

3. I have received formal training and instruction in the detection, recognition and uses of several different types of illegal narcotics from the Police Academy and the Oklahoma City Police Department. Since my graduation from the basic Police Academy, I have attended schools and seminars concerning the manufacturing and trafficking of narcotics and dangerous drugs. I have attended schools sponsored by the Oklahoma City Police Department, C.L.E.E.T., Oklahoma Gang Investigators Association, and Chicago Gang Investigators Association. I have assisted in numerous investigations involving city, state and federal prosecutions, which have resulted in apprehension of persons on narcotic related charges, weapons and assault charges as well as the seizure of drugs, property, and monies.

4. I have had conversations with and been in the company of other experienced local, state, and federal law enforcement officers as well as prosecuting attorneys representing both state and federal systems concerning narcotics and dangerous drug trafficking activities and other criminal violations including weapons charges and felony and misdemeanor assaults. Also, I have worked in the company of other experienced law enforcement officers and have discussed their investigative techniques and experiences

with them. During investigations, which I have been party to, I have become familiar with the clandestine business practices of drug traffickers, gang members and the criminal activity of gang members such as shootings, assaults, robberies, burglaries and other felony crimes associated with gang members.

5. I make this affidavit in support of the issuance of a search warrant to search the person of **Tylin Rayshawn Childers (CHILDERS)** (BM; DOB: XX/XX/1993, USMS # 05078-511), to seize a deoxyribonucleic acid (DNA) sample from **CHILDERS** as evidence of a crime. This DNA sample is necessary for comparison to unknown forensic evidence collected from a Walther 9mm pistol. As further outlined below, a federal grand jury in the Western District has determined that there was probable cause to believe that **CHILDERS** possessed this firearm on January 17, 2024.

6. Based on my training and experience, I know that it is possible and likely to transfer DNA onto most items that a person touches or otherwise comes into contact with, including firearms and ammunition. The retrieval of a DNA sample from **CHILDERS** will allow forensic comparison against any DNA recovered from the above-mentioned firearm magazine, which was recovered at a location where **CHILDERS** stopped his car, partially exited that vehicle, and then drove off. As detailed further below, officers went back to that exact spot just minutes after **CHILDERS** stopped there and the officers then discovered the firearm.

7. Through my training and experience, I know DNA can be found in both the blood and saliva of a human being. I also know DNA can be collected in a relatively

unobtrusive manner by utilizing a buccal swab to obtain a saliva sample from the inside of a subject's mouth. If authorized by court order, law enforcement intends to collect a buccal swab from **CHILDERS** to obtain a DNA sample for comparison purposes. The intended manner of collecting **CHILDERS'** DNA on a buccal swab will be to use a Q-tip to swab the inside cheek of **CHILDERS'** mouth.

8. This Affidavit contains information necessary to support probable cause for this application for a search warrant. It is not intended to include every fact or matter observed by me or known by law enforcement. While some of the information provided herein is based on my personal knowledge and observations, most of the information was conveyed to me by other law enforcement officials and obtained from my review of records, documents, and other physical evidence collected during the course of this investigation.

## BACKGROUND OF INVESTIGATION

9. I know from my training and experience that pursuant to 18 U.S.C. § 922(g)(1), it is unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

10. On January 17, 2024, at approximately 9:38 p.m., OCPD Officer (Ofc.) Jalen Bullock was completing a traffic stop near S.E. 44th St. and S. Shields Blvd. The driver that vehicle was Trayveon Caldwell. At one point during the processing of the traffic stop,

a woman named Jaime Hayden showed up, approached Ofc. Bullock. Ms. Hayden claimed that Mr. Caldwell was her boyfriend and that she would take the car because Mr. Caldwell did not have a driver's license. The vehicle was not released to Ms. Hayden.

11. Mr. Caldwell was released from the scene on foot, and he walked over to a nearby Walgreens at S.E. 44th St. and S. Shields Blvd. Shortly after Mr. Caldwell left the scene, he came back to the officers at the traffic stop and told them that the driver of a blue car had just pointed a firearm at him. Ofc. Bullock saw a blue vehicle speeding up S.E. 44th St. and heading eastbound. Given this, Ofc. Bullock left the scene and attempted to make contact with the blue vehicle. While tracking that vehicle down, Ofc. Bullock ultimately encountered the blue car stopped on a neighborhood street near S.E. 45th St. and S. Byers Ave.

12. At that same time, OCPD Ofc. Sader was assisting Ofc. Bullock and approached the stopped car from a different angle. Ofc. Sader's dash camera captured an event where the blue car was stopped, the driver's side door was partially open, and it appeared that the driver was doing something underneath the car. Once the patrol cars got closer to the blue car, the driver shut the driver's side door and then drove off. The officers activated their emergency lights and attempted to pull the blue car over. The blue car did not stop and instead continued driving through the neighborhood. Eventually, the blue car stopped, officers approached the vehicle, and the driver, **CHILDERS**, exited the vehicle. Jaime Hayden, the same woman who tried to intervene at the traffic stop of Mr. Caldwell, was also inside the blue car. There was no one else in the vehicle. Once **CHILDERS** was detained, the officers learned that he had outstanding warrants, and he was formally

arrested.

13. When officers looked at Ofc. Sader's dash camera footage preceding the stop of the blue car, they realized that **CHILDERS** appeared to be doing something underneath the blue car when the patrol cars encountered him at S.E. 45th St. and S. Byers Ave. OCPD Ofc. Alan Thomas went back to the area where **CHILDERS** was previously stopped. Once Ofc. Thomas arrived at that location, he located a firearm in the exact spot where **CHILDERS** was previously parked which was in front of a residence at 340 S.E. 45th St. The firearm was a Walther 9mm pistol and Ofc. Thomas photographed before it was collected and booked into evidence. On this date, **CHILDERS** was prohibited from possessing a firearm because he had multiple felony convictions including a prior felony conviction for felon in possession of a firearm in Oklahoma County case number CF 2017-7445.

14. On January 18, 2024, OCPD Ofc. Andrea Garcia went to the OCPD property room, checked out the seized Walther 9mm pistol, and swabbed the firearm for potential DNA. Once the grip, trigger, trigger guard, slide, slide stop, and magazine release were all swabbed, Ofc. Garcia put the firearm back in the evidence envelope, resealed it, and placed her initials on the evidence envelope.

15. On March 5, 2024, this case was presented to a federal grand jury in the Western District of Oklahoma and the grand jury returned a two-count indictment against **CHILDERS**. Count 2 of that indictment stems from **CHILDERS'** unlawful firearm possession described in this Affidavit.

16. Given his indictment in case number CR-24-102-J and subsequent detention

pending trial, **CHILDERS** is in federal custody at the Logan County correctional facility located at 216 S. Broad St., Guthrie Oklahoma 73044.

17.  Based on these facts and the grand jury indictment, I respectfully submit that there is probable cause to believe that **CHILDERS** committed the offense of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), and that a search of **CHILDERS'** person to obtain a DNA sample may yield evidence further linking him to this January 17, 2024, possession of the Walther 9mm firearm. I, therefore, respectfully request that a search warrant be issued authorizing the search of the person of **CHILDERS** to obtain two buccal swab DNA samples from the mouth of **CHILDERS**. Should this search warrant issue, agents/officers will obtain these samples in the normally accepted forensic manner. The DNA samples collected from **CHILDERS** will be compared to any and all DNA recovered from the firearm magazine that was collected on January 18, 2024, shortly after **CHILDERS** was taken into custody.

FURTHER AFFIANT SAYETH NOT

_____
CHRISTOPHER GRIMES
Task Force Officer, ATF

SUBSCRIBED AND SWORN to before me on this 15th day of May 2024.

_____
AMANDA MAXFIELD GREEN
United States Magistrate Judge